**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GONZALEZ-PEDRO, | No. 12-71783 |
| Petitioner, | |
| v. | Agency No. A200-569-821 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Juan Gonzalez-Pedro, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Gonzalez-Pedro established extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, his asylum application fails.

Substantial evidence supports the BIA's finding that Gonzalez-Pedro failed to establish past persecution or a fear of future persecution on account of a protected ground based on having been bullied by children in school and threatened by his uncle. *See Parussimova v. Holder*, 555 F.3d 734, 740 (9th Cir. 2009) (The Real ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution")*; see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, Gonzalez-Pedro's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT protection because Gonzalez-Pedro failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government

if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (denying petition for relief under CAT because petitioner failed to demonstrate it was more likely than not that she would be tortured "at the instigation of, or with the acquiescence of the Philippine government").

**PETITION FOR REVIEW DENIED.**